IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. LOVELL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLANT,

V.

DUSTIN J. LOVELL, APPELLEE.

Filed July 5, 2016.    No. A-15-1021.

Appeal from the District Court for Scotts Bluff County: LEO DOBROVOLNY, Judge. Affirmed.

Dave Eubanks, Scotts Bluff County Attorney, and Kelli L. Ceraolo for appellant.

David S. MacDonald, Deputy Scotts Bluff County Public Defender, for appellee.

MOORE, Chief Judge, and INBODY and RIEDMANN, Judges.

MOORE, Chief Judge.

INTRODUCTION

Dustin J. Lovell entered pleas of no contest and was convicted in the district court for Scotts Bluff County of theft by shoplifting, value $200 or less, and possession of a controlled substance, Lorazepam. The court placed Lovell on "bench probation" for one year or until all fines and costs were paid. The State appeals, alleging that the sentences imposed were excessively lenient. Because we find no abuse of discretion in the district court's sentences, we affirm.

BACKGROUND

On March 19, 2015, the State filed an information in the district court, charging Lovell with theft by shoplifting, value $200 or less, in violation of Neb. Rev. Stat. § 28-511.01 (Cum. Supp. 2014), a Class II misdemeanor; possession of a controlled substance, Lorazepam, in violation of Neb. Rev. Stat. § 48-416 (Cum. Supp. 2014), a Class IV felony; possession of a

- 1 -

controlled substance, methamphetamine, in violation of § 28-416(3), a Class IV felony; and possession of drug paraphernalia in violation of Neb. Rev. Stat. § 28-441 (Reissue 2008), an infraction.

On July 21, 2015, the parties filed a written plea agreement in which Lovell agreed to plead guilty or no contest to the first two charges in exchange for the State dismissing the remaining charges. Also on July 21, the State filed an amended information, charging Lovell with theft by shoplifting, value $200 or less, in violation of § 28-511.01, a Class II misdemeanor and possession of a controlled substance, Lorazepam, in violation of § 28-416(3), a Class IV felony.

A plea hearing was held on July 21, 2015. Lovell's attorney summarized the terms of the plea agreement for the district court, and Lovell indicated that he was in agreement with the terms. Lovell waived the 24-hour waiting period after service and was arraigned on and entered pleas of no contest to the charges of the amended information. The court informed Lovell of his Constitutional rights and the consequences of a plea of no contest as a waiver of those rights, and it advised him of the possible penalties that could be imposed upon a finding of guilty. Lovell stated that no promises, threats, or other inducements had been made to influence his decision to plead no contest to the charges of the amended information and that he understood his Constitutional rights, the consequences of his plea, and the possible penalties.

The factual basis provided indicates that on the evening of March 7, 2015, police officers were dispatched to investigate a reported shoplifting at a Wal-Mart. The suspected shoplifter was wearing a gray and black hoodie and had been seen leaving the store. Officers searched the area, located the suspect, identified him as Lovell, and searched his person. During the search of Lovell, officers located a white pill with particular markings, later identified as Lorazepam which is a Schedule IV drug, and a white charger still in plastic packaging. During a later search of the area, police found a black and gray hoodie. The officers returned to Wal-Mart where they spoke with an asset protection employee who was able to identify Lovell as the shoplifter. She had previously followed him through the store and observed him grab and conceal some speakers that came with a charger identical to the one found on Lovell. The value of the speakers was $99. A review of video from Wal-Mart confirmed the employee's account of the shoplifting.

The district court found beyond a reasonable doubt that Lovell's pleas of no contest were made freely, voluntarily, and intelligently and that there was a factual basis to support the pleas. The court found him guilty of the charges in the amended information and ordered a presentence investigation report (PSI).

At the time of the PSI, Lovell was 28 years old and residing in Wyoming. He has a 12th grade education and was employed. A Level of Service/Case Management Inventory was not completed because Lovell failed to meet with the probation officer for a scheduled interview. Lovell did call later and try to set up another appointment, but the interview could not be rescheduled due to other appointment conflicts.

There is no known juvenile record for Lovell. He has two previous convictions in Wyoming for unlawful possession of a controlled substance for which he received fines and probation. He was charged with a probation violation, but the only disposition shown is that he was released to another state or agency. He was also charged with failure to appear in Wyoming, but the disposition of that charge is "[n]ot listed in NCIC records." In Colorado, Lovell has prior convictions for

attempted burglary and theft $750 to $2,000. He received a 2-year deferred sentence and 120 hours of community service for the attempted burglary conviction and 2 years' probation for the theft conviction.

The PSI included police reports from the incident at issue in this appeal, which indicate that two days after the shoplifting, police located a clear smoking pipe with white residue, two baggies of a crystal substance, and a business card in the alley where the Lovell was apprehended. The business card, for a Colorado probation officer, had an appointment written on the back. Police contacted the probation officer, who confirmed that the appointment was for Lovell. Lovell denied that the items belonged to him.

A sentencing hearing was held before the district court on October 23, 2015. The court discussed Lovell's current employment and probation status with him. Lovell had full-time employment in Wyoming at a sugar factory, and with respect to his Colorado probation, he told the court that he had been in contact with his Colorado probation officer who "just needs this case to be wrapped up in order for us to proceed, . . . taking care of what I have going on down there." When asked if he was being supervised by a Wyoming probation officer, Lovell stated that he had a "work permit" and had to drive up and check in on a monthly basis with a Colorado probation officer.

Prior to announcing the sentence, the district court made findings related to its consideration of the sentencing factors. The court noted Lovell's age, education, and employment and observed that Lovell had one prior felony conviction. The court noted the circumstances of the current crimes for which Lovell had been convicted and observed that Lovell had apparently ditched some methamphetamine after he ran from the Wal-Mart. In addressing Lovell's motivation for the shoplifting offense, the court stated that Lovell apparently "just wanted something [he] didn't have the money to pay for it and that was an easy way to get it." The court observed that the possession of the Lorazepam pill was not particularly well-explained in the PSI and stated its assumption that Lovell was a prescription medication abuser. The court also observed that the offenses did not involve violence but did involve flight from law enforcement and monetary loss. The court found that while Lovell's attitude was somewhat neutral and he did not take much responsibility for his actions, he was "trying to make some strides back towards a more law-abiding life." The court found that this type of conduct would probably recur and noted that Lovell initially did not show up for his probation interview. Lovell may have appeared for a subsequent interview, however, because although the PSI included in the record on appeal does not include this information, the court stated, "The defendant scored high on the LSCMI testing. He scored in the problem area on anti-social and SAQ testing. He scored none to low on SSI testing."

In sentencing Lovell, the district court stated:

There is -- in Nebraska now there is [a] presumption of probation for Class IV felonies. This isn't a traditional probation case and it isn't for [a] couple of reasons, because you are already on probation from Colorado.

Now, Nebraska law does say the judge can't refuse probation to somebody just because they haven't done well on prior probation if that's the only reason they have. I'm going to place you on [a] different type of probation that's [a] fairly simple one. But, I find traditional probation isn't appropriate. You are already being supervised at some level in

another state and to lay another state's probation on top of Colorado would be unnecessary in this particular case. Either controlled substance conviction here, which is just the felony, is [a] fairly minor factual setting.

The district court placed Lovell on concurrent terms of "bench probation" for one year or until all fines and costs were paid. The court imposed a fine of $200 on the shoplifting count and a fine of $500 on the possession count. The court also ordered Lovell to pay costs of $134. The State subsequently perfected its appeal to this court.

## ASSIGNMENT OF ERROR

The State asserts that the district court abused its discretion in imposing an excessively lenient sentence.

## STANDARD OF REVIEW

When reviewing a sentence within the statutory limits, whether for leniency or excessiveness, an appellate court reviews for an abuse of discretion. *State v. Erpelding*, 292 Neb. 351, 874 N.W.2d 265 (2015). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *State v. Braesch*, 292 Neb. 930, 874 N.W.2d 874 (2016).

## ANALYSIS

The State asserts that the district court abused its discretion in imposing an excessively lenient sentence. Neb. Rev. Stat. § 29-2320 (Cum. Supp. 2014) allows for appeals by the prosecuting attorney or the Attorney General claiming that an imposed sentence is excessively lenient. Theft by shoplifting, value $200 or less, is a Class II misdemeanor and is punishable by a maximum sentence of 6 months' imprisonment, or a $1,000 fine, or both and a minimum sentence of none. Neb. Rev. Stat. § 28-106 (Cum. Supp. 2014); § 28-511.01; Neb. Rev. Stat. § 28-518 (Cum. Supp. 2014). Possession of a controlled substance in violation of § 28-416(3) is a Class IV felony, which was punishable at the time of Lovell's offense by a maximum sentence of 5 years' imprisonment, or a $10,000 fine, or both and a minimum sentence of none. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). Lovell's sentences are within statutory limits.

The State argues, however, that Lovell's sentences are excessively lenient in that they fail to adequately deter the use and possession of controlled substances, fail to afford adequate deterrence, fail to reflect the seriousness of the offense, promote disrespect for the law, and fail to provide a just punishment for a repeat offender. The State argues that supervised probation was not appropriate as Lovell had been given previous opportunities at probation and had chosen to continue his criminal conduct, noting that the crimes at issue were committed while Lovell was on probation in another state.

- 4 -

Neb. Rev. Stat. § 29-2322 (Reissue 2008) provides that an appellate court, upon a review of the record, shall determine whether the sentence imposed is excessively lenient, having regard for:

(1) The nature and circumstances of the offense;

(2) The history and characteristics of the defendant;

(3) The need for the sentence imposed:

(a) To afford adequate deterrence to criminal conduct;

(b) To protect the public from further crimes of the defendant;

(c) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and

(d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

(4) Any other matters appearing in the record which the appellate court deems pertinent.

The sentencing court is not limited to any mathematically applied set of factors. *State v. Duncan*, 293 Neb. 359, 878 N.W.2d 363 (2016). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.* A sentencing court must have some reasonable factual basis for imposing a particular sentence. *State v. Parminter*, 283 Neb. 754, 811 N.W.2d 694 (2012).

We have reviewed the record including the PSI in light of the above considerations. Lovell has prior convictions for possession of controlled substances in Wyoming and for attempted burglary and theft in Colorado. He has received sentences of probation and fines and was on probation in Colorado at the time of the offenses in this case. Although Lovell had a probation violation in Wyoming, the record on appeal does not contain specific details about that violation, only indicating that he was released to another state or agency.

The district court, as noted above, gave careful consideration to all of the sentencing factors, and it specifically noted Lovell's prior felony conviction and probation in another state. However, the court also noted other mitigating factors including Lovell's efforts to lead a more law-abiding life, his employment, and the fact that the controlled substance conviction was fairly minor; that being for a single pill of Lorazepam. Based upon our review of the record, we cannot say that the district court abused its discretion in sentencing Lovell.

For the sake of completeness, we note that the court referred to a presumption of probation for Class IV felonies, presumably referring to Neb. Rev. Stat. § 29-2204.02(2) (Supp. 2015). This section became effective August 30, 2015. We assume that this section was intended to affect only those sentences for offenses that occurred after the effective date. Nevertheless, assuming without deciding that the district court erred in referring to this presumption of probation in imposing sentence in this case, we find that any such error was harmless in that the sentences of probation were not an abuse of discretion as reasoned above.

## CONCLUSION

The district court did not abuse its discretion in imposing fines and sentences of probation.

AFFIRMED.